AO 245 B (Rev. 03/01) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                          Case Number   Cr. 02-149(01)

DAVID KAPLAN

Defendant.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

ENTERED on THE DOCKET on 10-18-2002
WILLIAM T. WALSH, CLERK
By _____ (Deputy Clerk)

The defendant, DAVID KAPLAN, was represented by Myron Beldock, Esquire.

On motion of the United States the Court has dismissed Counts 2 and 3 of the Superseding Information and Counts 1, 2, 4, 67, 69, 70, 71 and 72 of the Superseding Indictment.

The defendant pled guilty to Count 1 of the Superseding Information and Count 68 of the Superseding Indictment on July 18, 2001. Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Possess with the Intent to Distribute in excess of 1,000 Kilograms of Hashish | 11/85 - 2/86 | 1 (Superseding Information) |
| 26:7206(1) 18:3623(1984) | Filing a False Tax Return | 10/85 | 68 (Superseding Indictment) |

As pronounced on October 15, 2002, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1 of the Superseding Information and Count 68 of the Superseding Indictment, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __16th__ day of October, 2002.

JOHN W. BISSELL
Chief United States District Judge

AO 245 B (Rev. 03/01)Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: DAVID KAPLAN
Case Number: Cr. 02-149(01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 38 Months. This term consist of 38 months on Count 1 of the Superseding Information and 36 months on Count 68 of the Superseding Indictment, to run concurrently with each other and concurrently with the term sentence imposed in Cr. 96-108(01).

The Court makes the following recommendations to the Bureau of Prisons: The Court recommends to the Bureau of Prisons that the defendant be placed at FPC Lompoc, subject to the Bureau's decision based upon all relevant factors including proximity to the defendant's community, his security classification and space availability. The Court also recommends that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: DAVID KAPLAN
Case Number: Cr. 02-149(01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of terms of 5 years imposed on Count 1 of the Superseding Information and 1 year imposed on Count 68 of the Superseding Indictment, to run concurrently with each other and concurrently with the term of supervised release imposed in Cr. 96-108(01).

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page):

> The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

> The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

> It shall be a condition of supervised release that the defendant pay the fine and special assessments imposed by this judgment that remains unpaid at the commencement of the term of supervised release. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $200, to commence 30 days after release from confinement.

and shall comply with the following additional conditions:

> The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

> The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

> The defendant is to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and to timely file all future returns that come due during the period of supervised release or probation. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

> The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or forfeiture obligation or otherwise has the express approval of the Court.

AO·245 B (Rev. 03/01) Sheet 3a - Supervised ... ase

Judgment--Page 4 of 6

Defendant: DAVID KAPLAN
Case Number: Cr. 02-149(01)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page 5 of 6

Defendant:  DAVID KAPLAN
Case Number:  Cr. 02-149(01)

**FINE**

The defendant shall pay a fine in the amount of $10,000

This amount is the total of the fines imposed on individual counts, as follows:

$5,000 on Count 1 of the Superseding Information;
$5,000 on Count 68 of the Superseding Indictment.

The fine is due immediately.  Any balance of the fine that remains at the commencement of supervised release, plus any interest pursuant to 18 USC § 3612(f)(1), shall be paid in monthly installments of no less than $200, to commence 30 days after release from confinement.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment--Page 6 of 6

Defendant:  DAVID KAPLAN
Case Number:  Cr. 02-149(01)

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

The propery listed on the consent Forfeiture Order executed and filed on October 15, 2002.